1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   HOWARD SCOTT,

11              Plaintiff,                    No. CIV S-09-0851 EFB P

12        vs.

13   M. MCDONALD,

14              Defendants.                   <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28

18   U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* 28 U.S.C.

19   § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).  On June 2, 2009, plaintiff filed a

20   motion for an order that he be transferred to a different prison, explaining that he is being

21   retaliated against at High Desert State Prison as a result of filing complaints with the court.

22        A preliminary injunction will not issue unless necessary to prevent threatened injury that

23   would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc.*

24   *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

25   F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching

26   power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter,*

1

*Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  The Ninth Circuit recently modified its standard for preliminary injunctive relief to conform to the Supreme Court's admonition in *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008), that the moving party must demonstrate that--absent an injunction--irreparable injury is not only possible, but likely.[1] *Stormans, Inc. v. Selecky*, Nos. 07-36039, 07-36040, 2009 WL 1941550 at *13 (9th Cir. July 8, 2009).  Under the new standard, "preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  *Stormans, Inc.*, at 13 (quoting *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. at ___, 129 S.Ct. at 375-76).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

In a filing dated November 12, 2009, plaintiff indicates that he has been transferred from High Desert to the California Substance Abuse Treatment Facility.  Dckt. No. 22.  Where a prisoner is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  *See Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).  Plaintiff's transfers render his claims against officials at High Desert moot, as there is no indication that plaintiff will be transferred back to High Desert.  *See Wiggins v. Rushen*, 760 F.2d 1009 (9th Cir. 1985) (chance that prisoner might be retransferred to prison where injury occurred is too

---

[1]  Under the previous standard a preliminary injunction could be granted "if the plaintiff 'demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'"  *Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1298 (9th Cir.2003) (internal quotation marks and citations omitted) (reversing the denial of a preliminary injunction where the district court had found that the mere *possibility* of such harm was speculative).

1    speculative to demonstrate reasonable expectation that injury may again occur).  For the reason

2    stated, plaintiff has failed to show that he is entitled to any preliminary injunctive relief.

3          Accordingly, it is hereby ORDERED that plaintiff's June 2, 2009, motion for a

4    preliminary injunction is denied.

5    Dated:  February 2, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE