1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HOWARD SCOTT,

11            Plaintiff,                     No. CIV S-09-0851 EFB P

12        vs.

13   M. McDONALD,

14            Defendant.                     ORDER

15   _____/

16        Howard Scott, an inmate confined at the California Substance Abuse Treatment Facility,

17   filed this pro se civil rights action under 42 U.S.C. § 1983 and proceeds in forma pauperis.  This

18   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is

19   before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at

20   (k)(4).  On September 23, 2009, the court directed plaintiff to file an amended complaint.  Dckt.

21   No. 14.  On January 15, 2010, plaintiff filed an amended complaint.[1]  Dckt. No. 24.

22        Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in

23   which a prisoner seeks redress from a governmental entity or officer or employee of a

24   _____

25        [1] Subsequently, plaintiff filed two more complaints, which should have been docketed in
     a new civil rights action, rather than in this action, as they did not include this case number and
26   were not designated as "amended" complaints.  They also named new defendants and raised new
     claims.

1   governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable

2   claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

3   malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

4   from a defendant who is immune from such relief."  *Id.* § 1915A(b).

5        A district court must construe a pro se pleading "liberally" to determine if it states a

6   claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

7   opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

8   detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

9   action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct.

10  1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

11  must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

12  plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).

13       A claim has facial plausibility when the plaintiff pleads factual content that allows
         the court to draw the reasonable inference that the defendant is liable for the
14       misconduct alleged. The plausibility standard is not akin to a "probability
         requirement," but it asks for more than a sheer possibility that a defendant has
15       acted unlawfully. Where a complaint pleads facts that are merely consistent with a
         defendant's liability, it stops short of the line between possibility and plausibility
16       of entitlement to relief.

17  *Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

18  framework of a complaint, they must be supported by factual allegations, and are not entitled to

19  the assumption of truth.  *Id.* at 1950.

20       The Civil Rights Act under which this action was filed provides:

21       Every person who, under color of [state law] . . . subjects, or causes to be
         subjected, any citizen of the United States . . . to the deprivation of any rights,
22       privileges, or immunities secured by the Constitution . . . shall be liable to the
         party injured in an action at law, suit in equity, or other proper proceeding for
23       redress . . . .

24  42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts

25  establish the defendant's personal involvement in the constitutional deprivation or a causal

26  connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

1  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44
2  (9th Cir. 1978)

3          In the amended complaint, plaintiff names M. McDonald, and Officers Sharrb, Cooper,
4  Oateman, and Nelson as defendants.  Plaintiff alleges that he is blind, and from January 2008 to
5  May 2008, defendants Sharrb and Cooper refused to honor plaintiff's request that he be fed in
6  his cell.  Am. Compl., Dckt. No. 24, at 4.  Plaintiff further claims that as of March 2008,
7  defendants Oateman and Nelson also refused to cell-feed plaintiff.  *Id.* at 5.  Oateman apparently
8  told plaintiff that he stopped cell-feeding him at defendant Sharrb's[2] direction.  *Id.*  Plaintiff
9  claims defendants violated his Eighth Amendment rights, as well as his rights under the
10  Americans with Disabilities Act (ADA).  *Id.* at 4, 7-8.

11          To state a claim that the conditions of imprisonment violate the Eighth Amendment
12  prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was
13  deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or
14  safety.  *See Wilson v. Seiter*, 501 U.S. 294, 303-04 (1991); *Rhodes v. Chapman*, 452 U.S. 337,
15  347 (1981).  A prison official is deliberately indifferent when he knows of and disregards a risk
16  of injury or harm that "is not one that today's society chooses to tolerate."  *See Helling v.*
17  *McKinney*, 509 U.S. 25, 36 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

18          While plaintiff alleges he is blind, he does not allege any facts showing that he needed to
19  be fed in his cell.  For example, plaintiff does not allege that he was unable to walk to the dining
20  area, that he had a medical chrono requiring that meals be provided in his cell, or that he
21  otherwise needed to be fed in his cell.  Further, while plaintiff indicates that defendants Sharrb
22  and Cooper refused to cell-feed plaintiff from January 2008 to May 2008, plaintiff does not
23  indicate for what period of time defendants Oateman and Nelson allegedly refused to cell-feed
24  plaintiff.  As to defendant McDonald, plaintiff fails to include any factual allegations.  Plaintiff's

26          [2] Plaintiff appears to refer to defendant Sharrb interchangeably as defendant "Sharpe."

3

1   allegations are thus factually insufficient to state a cognizable Eighth Amendment claim, and are

2   dismissed with leave to amend.

3          In order to state a claim that a public program or service violated Title II of the ADA, a

4   plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either

5   excluded from participation in or denied the benefits of a public entity's services, programs, or

6   activities, or was otherwise discriminated against by the public entity; and (3) such exclusion,

7   denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*,

8   386 F.3d 1259, 1265 (9th Cir. 2004).  An ADA plaintiff also "bears the burden of establishing

9   the elements of the prima facie case, including--if needed--the existence of a reasonable

10  accommodation that would enable him to participate in the program, service, or activity at

11  issue." *Pierce v. County of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2008) (internal quotation

12  marks omitted).

13         Because plaintiff fails to allege facts showing that he was unable to eat his meals in the

14  dining area, and needed to be fed in his cell, he necessarily fails to allege that he was excluded

15  from participation or denied the benefits of his institution's services or otherwise discriminated

16  against.  Plaintiff alleges in a conclusory manner that his rights under the ADA have been

17  violated, but his factual allegations are insufficient to state a claim that is plausible on its face.

18  *See Iqbal*, 129 S. Ct. at 1949.

19         Thus, to proceed plaintiff must file an amended complaint, curing the deficiencies

20  identified by the court in this order, and the September 23, 2009 screening order.  The court

21  notes that the claims raised in plaintiff's amended complaint are not the same as those raised in

22  the original complaint.  The claims in the original complaint concerned inadequate medical and

23  dental care, the need to be housed in a lower tier, and being improperly handcuffed behind his

24  back.  If plaintiff still wishes to pursue these claims, he must include them in an amended

25  complaint.

26  ////

4

1    Additionally, any amended complaint must adhere to the following requirements:

2    It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

3 Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

4 complaint, the original pleading is superseded.

5    It must show that the federal court has jurisdiction and that plaintiff's action is brought in

6 the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

7 contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

8 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

9 *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

10 he does an act, participates in another's act or omits to perform an act he is legally required to do

11 that causes the alleged deprivation).

12    It must contain a caption including the name of the court and the names of all parties.

13 Fed. R. Civ. P. 10(a).

14    Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

15 P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences,

16 the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join

17 multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims

18 against different defendants must be pursued in multiple lawsuits.  "The controlling principle

19 appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as

20 alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple

21 claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

22 unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in

23 different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

24 produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

25 Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

26 without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605,

607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

Accordingly, it is hereby ORDERED that:

1.  The Clerk of the Court is directed to open a new action and file the February 16, 2010 complaint and notice of lawsuit (Dckt. Nos. 27, 28), and the March 24, 2010 complaint (Dckt. No. 29), in that action.  These filings are stricken as improperly docketed in this action, and the Clerk of the Court shall make a notation on the docket to that effect.

2.  Plaintiff's January 15, 2010 amended complaint (Dckt. No. 24) is dismissed and plaintiff may, within 30 days of the date this order is served, file an amended complaint in accordance with this order and the September 23, 2009 screening order.  The amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint."

3.  The Clerk of the Court is directed to send to plaintiff a copy of the form used in this court for the filing of a civil complaint pursuant to 42 U.S.C. § 1983.

4.  Failure to comply with this order will result in this action being dismissed for failure to state a claim.

Dated:  June 29, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE