IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD SCOTT

        Plaintiff,                No. CIV S-09-0851 EFB P

    vs.

M. MCDONALD, et al.,

        Defendants.         ORDER AND
                                  FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Before the court is plaintiff's motion for injunctive relief. He alleges that defendant Medina is harassing him, causing him to fear for his life, and requests that he be transferred out of High Desert State Prison. Plaintiff alleges that on or around July 8, 2011 Medina took away his wheelchair, and that he cannot use the walker that was provided to him because he is blind and his back and hand are injured. Plaintiff alleges he is bound to his cell as a result.

      A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

1

F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit Court of Appeals has also held that the "sliding scale" approach it applies to preliminary injunctions as it relates to the showing a plaintiff must make regarding his chances of success on the merits survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, at 1134-35 (9th Cir. 2011). Under this sliding scale the elements of the preliminary injunction test are balanced. As it relates to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. *Id.*

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In the court's April 7, 2011 order reviewing the complaint pursuant to 28 U.S.C. § 1915A, the court found that plaintiff had stated the following potentially cognizable claims: 1) an ADA claim and an Eighth Amendment claim against defendants Sharrb, Cooper, Oateman, and Nelson, for refusing to either feed plaintiff in his cell or to provide plaintiff with assistance to the chow hall (allegedly two miles round trip); 2) an Eighth Amendment claim against defendant Medina for stopping plaintiff's heart and seizure medications, and for ordering his subordinates to confiscate plaintiff's mobility vest and cane; 3) an Eighth Amendment claim against defendant Betty for failing to protect plaintiff from the water leak in his cell, for refusing

to help plaintiff obtain medical attention, and for moving plaintiff to a second tier; and 4) an Eighth Amendment claim against defendant Barron for moving plaintiff to a second tier and for slamming plaintiff into the wall when plaintiff objected to the move.

Although these allegations may be adequate to state a claim, they have not been adequately demonstrated with evidence sufficient to show that plaintiff is likely to prevail on the merits. Unlike the § 1915A screening process, plaintiff's allegations are not assumed to be true on this motion for a preliminary injunction. To succeed on this motion, plaintiff must support his allegations with evidence. While plaintiff claims to need a wheelchair, he also alleges that two doctors, Medina and Miranda, have told him that his medical condition does not require a wheelchair. It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). At this stage in the proceedings, plaintiff has failed to demonstrate more than his disagreement with the opinions of medical staff regarding his appropriate medical treatment.

Moreover, even if plaintiff could demonstrate a likelihood of success on the merits, plaintiff also fails to show that the balance of equities and public interest weigh in favor of a preliminary injunction. Further, plaintiff has not adequately demonstrated he is likely to suffer irreparable harm in the absence of preliminary relief. The Supreme Court has held that the party seeking the injunction must prove that he is likely to suffer irreparable harm in the absence of preliminary relief. *Winter,* 555 U.S. at *22. Although plaintiff alleges Medina is harassing him, plaintiff has not shown how Medina or any other official at High Desert State Prison has placed his life in danger. While plaintiff's allegations are disconcerting, he has not produced evidence sufficiently showing that he faces a future risk of irreparable harm, or that being transferred out of High Desert State Prison is likely to prevent that harm from occurring. Moreover, inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. *Olim v. Wakinekona*,

1 | 461 U.S. 238, 244-48 (1983); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

2 |     In light of the above, plaintiff's motion for injunctive relief must be denied.

3 |     Accordingly, it is HEREBY ORDERED that the Clerk randomly assign a district judge to this action.

5 |     Further, it is HEREBY RECOMMENDED that plaintiff's July 21, 2011 motion for injunctive relief be denied.

7 |     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 5, 2011.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE