IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD SCOTT,

                  Plaintiff,                      No. 2:09-cv-0851 MCE EFB P

      vs.

M. MCDONALD, et al.,

                Defendants.           <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on the September 21, 2010 Second Amended Complaint on the following claims:

       1) an ADA claim and an Eighth Amendment claim against defendants Sharrb, Cooper, Oateman, and Nelson, for refusing to either feed plaintiff in his cell or to provide plaintiff with assistance to the chow hall (allegedly two miles round trip);

       2) an Eighth Amendment claim against defendant Medina for stopping plaintiff's heart and seizure medications, and for ordering his subordinates to confiscate plaintiff's mobility vest and cane;

       3) an Eighth Amendment claim against defendant Betty for failing to protect plaintiff from the water leak in his cell, for refusing to help plaintiff obtain medical attention, and for moving plaintiff to a second tier; and

4) an Eighth Amendment claim against defendant Barron for moving plaintiff to a second tier and for slamming plaintiff into the wall when plaintiff objected to the move.  *See* Dckt. Nos. 35, 36.

Defendants move to dismiss the complaint for failure to exhaust administrative remedies.[1]  Plaintiff has yet to file either an opposition or a statement of no opposition to the motion.[2]  He claims that he cannot oppose the motion unless he is appointed counsel and unless the court orders the defendants to provide him with copies of all of his administrative appeals.

Plaintiff requests counsel because he is indigent, blind, has a learning disability, and is a paraplegic.  *See* Dckt. Nos. 92, 93.  He also claims he is experiencing a "medical crisis" and submits documentation showing that he was in and out of the dental clinic from January through June of 2012.  *See* Dckt. No. 93 at 3; Dckt. No. 85 at 2, 8-10.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

////

---

[1]  Defendants' motion was originally filed on September 28, 2011, Dckt. No. 59, but was re-filed and re-served in accordance with the court's July 24, 2012 order.  *See* Dckt. No. 90 (directing defendants to re-serve the motion along with the notice to plaintiff required by *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012)).

[2]  Plaintiff represents that as of September 10, 2012, he had still not received a copy of defendants' August 7, 2012 motion to dismiss.  *See* Dckt. No. 94 at 5.  In light of plaintiff's representation, and in an abundance of caution, the court directs defendants to promptly re-serve their motion, including attachments, on plaintiff.

1    On the current record, the court cannot determine plaintiff's likelihood of success on the

2    merits.  However, at this stage of the proceedings, the legal issues are not extraordinary in

3    complexity or novelty.  Although plaintiff has not yet opposed defendants' motion to dismiss for

4    failure to exhaust administrative remedies, he has filed, through the assistance of another inmate

5    or inmates, coherent requests for various forms of relief from the court, supported by argument,

6    exhibits, and legal citations.  *See, e.g.,* Dckt. Nos. 83, 85, 92, 93, 94, 95; *see also* Dckt. No. 94 at

7    23-29 (showing that in March 2011, prison officials granted plaintiff's request for inmate

8    assistance in litigating this action).  Having considered the relevant factors, the court finds there

9    are no exceptional circumstances warranting appointment of counsel at this time.

10    Plaintiff states that he intends to oppose defendants' motion to dismiss, but to do so, he

11    needs copies of his administrative appeals from 2007 through 2009.  *See* Dckt. Nos. 83, 85.   On

12    July 10, 2012, the court ordered defendants to respond to plaintiff's requests in this regard.

13    Dckt. No. 86.  Specifically, the court ordered defendants to address 1) plaintiff's claimed

14    inability to access and/or make copies of his record of administrative appeals, and (2) if such

15    access had been improperly denied, what steps, if any, are being taken to ensure that plaintiff

16    receives such access.  Defendants responded on July 24, 2012.  Dckt. No. 87.

17    Plaintiff claims he has been trying to obtain copies of his administrative appeals since

18    October 2011, when defendants' motion was initially filed.  Dckt. No. 94 at 6.  He claims he has

19    persistently requested these documents from defendants and prison staff.  *See* Dckt. Nos. 83 at 2-

20    3 (stating that in February and April of 2012, plaintiff completed CDCR Form 22 requests for

21    copies of his administrative appeals) 85 at 2-3 (stating defendants failed to respond to plaintiff's

22    discovery requests); *see also* Dckt. No. 94 at 21, 22 (copies of plaintiff's CDCR Form 22

23    requests).

24    Defendants' response notes that High Desert State Prison has no record of plaintiff filing

25    an administrative appeal about not being able to get copies of previous administrative appeals.

26    Dckt. No. 87 at 1.  They also state that plaintiff met with his correctional counselor on June 12,

1   2012, that she tried to help plaintiff review his central file, and that plaintiff became frustrated

2   and signaled the person pushing his wheelchair to remove him from her office.  Dckt. No. 87 at

3   2.  The correctional counselor apparently told plaintiff "to raise his concerns with the

4   classification committee," which plaintiff has not done.  *Id.*  Additionally, defendants state that

5   arrangements were being made for plaintiff to review his central file with a magnifying glass.

6   *Id.*

7          In reply, plaintiff states that he attempted to file administrative appeals over the denial of

8   his requests for copies being made.  Dckt. No. 94 at 6.  He also claims that when he met with his

9   correctional counselor on June 12, 2012, he merely reiterated his request for copies of his

10  administrative appeals.  Dckt. No. 94 at 7.  He shows that on July 26, 2012, he followed up on

11  his request for copies of his administrative appeals and for assistance in reviewing those appeals.

12  Dckt. No. 95, Ex. 3.  He explains that because he is blind, use of a magnifying glass will not help

13  him review his central file.  Dckt. No. 94 at 8.  He also claims that his August 2012 requests for

14  library access were denied.  *See* Dckt. No. 93 at 5-7.

15         Defendants' response does not address plaintiff's representations that defendants have

16  not responded to his discovery requests.  Nor does it address whether prison officials properly

17  responded to plaintiff's CDCR Form 22 requests for copies of his administrative appeals.

18  Plaintiff maintains that he has not received copies of or sufficient access to his administrative

19  appeals and defendants have not adequately explained what steps, if any, are being taken to

20  ensure that plaintiff receives such access.  Accordingly, defendants are directed to (1) ensure that

21  plaintiff is either (a) provided copies of his record of administrative appeals for the years 2007

22  through 2009, or (b) given an opportunity to review his central file with the assistance of staff or

23  another inmate, and to obtain copies of requested portions of his record of administrative

24  appeals, and (2) to file a declaration regarding defendants' (and/or High Desert State Prison

25  staff's) efforts in this regard and confirming that plaintiff has been provided with meaningful

26  access to his record of administrative appeals.

1    Plaintiff also seeks copies of documents that he has filed with the court on the grounds

2 that he is indigent, and because correctional officers "persistently" throw away his work product.

3 Dckt. No. 95 (seeking copies of docket entries 1, 4, 11, 13, 24, 25, 30, 35, 37, 48); *see also* Dckt.

4 Nos. 93 at 2-3, 9, 94 at 4 (including plaintiff's claims of harassing and retaliatory cell searches).

5 As plaintiff is aware, the Clerk's Office will provide copies of documents (in cases

6 2005-present) and of the docket sheet at $0.50 per page.  As a one time courtesy, however, the

7 court will direct the Clerk of the Court to mail plaintiff a copy of Docket No. 35 (Second

8 Amended Complaint), which includes the operative complaint in this action.[3]

9    Accordingly, IT IS HEREBY ORDERED that:

10    1.  Defendants shall re-serve their August 7, 2012 motion to dismiss, including

11 attachments, on plaintiff, within seven days of the date of this order.

12    2.  Plaintiff's request for appointment of counsel is denied without prejudice.

13    3.  Defendants shall, within thirty days of the date of this order, (1) ensure that plaintiff is

14 either (a) provided copies of his record of administrative appeals for the years 2007 through

15 2009, or (b) given an opportunity to review his central file with the assistance of staff or another

16 inmate, and to obtain copies of requested portions of his record of administrative appeals, and (2)

17 to file a declaration regarding defendants' (and/or High Desert State Prison staff's) efforts in this

18 regard and confirming that plaintiff has been provided with meaningful to access to his record of

19 administrative appeals.

20    4.  Plaintiff shall, within 60 days of the date this order is filed, file an opposition or a

21 statement of no opposition to defendants' August 7, 2012 motion to dismiss.

22

23    [3] Plaintiff is hereby informed that: (1) docket numbers 1 (complaint), 13 (plaintiff's
statement of additional facts), 24 (amended complaint), and 30 (Screening Order) were all
24 superceded by plaintiff's September 21, 2010 Second Amended Complaint and the court's April
7, 2011 Screening Order (Dckt. Nos. 35, 36); (2) docket numbers 4 and 11 relate to plaintiff's
25 application to proceed in forma pauperis, which was granted on September 23, 2009 (Dckt. No.
14); (3) docket number 25 is an order granting plaintiff an extension of time; and (4) docket
26 numbers 37 and 48 are simple one-page requests filed by plaintiff over one year ago.

1     5.  As a one time courtesy, the Clerk of the Court shall mail plaintiff a copy of Docket

2  No. 35 (Second Amended Complaint).

3     6.  The Clerk of the Court shall terminate docket numbers 92 and 93.

4  DATED:  October 25, 2012.

                       EDMUND F. BRENNAN
                       UNITED STATES MAGISTRATE JUDGE