IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD SCOTT,

        Plaintiff,                    No. 2:09-cv-0851 MCE EFB P

    vs.

M. McDONALD, et al.,

        Defendants.          <u>ORDER AND</u>
                                    <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The defendants move to dismiss for failure to exhaust administrative remedies. Dckt. No. 90. For the following reasons, the motion should be granted in part.

**I.    Background**

       This action proceeds on the second amended complaint filed September 21, 2010. Dckt. No. 35. On April 7, 2011, the court issued a screening order under 28 U.S.C. § 1915A concluding that plaintiff stated the following potentially cognizable claims:

    1.    Against defendants Sharrb, Cooper, Oatman, and Nelson for violating the ADA

          by

          a.    refusing to feed plaintiff in his cell; and

          b.    refusing to provide plaintiff with a person to assist him in walking to the

              dining hall.

2. Against defendant Medina for violating the Eighth Amendment by
   a. stopping plaintiff's heart and seizure medication; and
   b. ordering subordinates to confiscate plaintiff's mobility vest and cane.
3. Against defendant Betty for violating the Eighth Amendment by
   a. failing to protect plaintiff from a water leak in his cell and refusing to help plaintiff obtain medical attention when he slipped on leaked water; and
   b. moving plaintiff to a cell on the second tier.
4. Against defendant Barron for violating the Eighth Amendment by
   a. moving plaintiff to a cell on the second tier; and
   b. slamming plaintiff into the wall when plaintiff objected to the second tier cell.

Dckt. No. 36 at 2.

Defendants argue that plaintiff has failed to properly exhaust each claim.

## II.     Motion for Counsel

Plaintiff again asks the court to appoint counsel to represent him. Dckt. No. 102. The request is denied for the reasons stated in the order filed October 26, 2012. Dckt. No. 96 at 2-3.

## III.    Exhaustion

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v.*

*Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested. The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

In the Ninth Circuit, motions to dismiss for failure to exhaust administrative remedies are normally brought under Rule 12(b) of the Federal Rules of Civil Procedure. *See Albino v. Baca*, 697 F.3d. 1023 (9th Cir. 2012). Nonetheless, it remains well established that credibility of witnesses over material factual disputes cannot be resolved on paper. Thus, when ruling on an exhaustion motion requires the court to look beyond the pleadings in the context of disputed issues of fact, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003). Doing so ensures that a process is followed to test whether disputes over facts pertaining to whether plaintiff actually exhausted

available remedies are truly genuine and material and therefore warrant live testimony, or whether the dispute(s) may be disposed of by unrefuted declarations and exhibits. Therefore, following the suggestion in *Wyatt*, and because care must be taken not to resolve credibility on paper if it pertains to disputed issues of fact that are material to the outcome, the undersigned applies the Rule 56 standards to exhaustion motions that require consideration of materials extrinsic to the complaint.[1]  *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

Failure to exhaust is an affirmative defense and the defendants bear the burden of proving plaintiff did not exhaust available remedies. *Wyatt*, 315 F.3d at 1119. To discharge this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

Defendants' motion to dismiss included a notice to plaintiff informing him of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 2012 U.S. App. LEXIS 19647, at *7-8 (9th Cir. Sept. 19, 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).

////

////

---

[1] Here, defendants rely on testimonial evidence in the form of declarations from two prison officials and a documentary record to establish the facts in support of their contention that plaintiff failed to exhaust.

4

Plaintiff filed the instant action on March 27, 2009. Dckt. No. 1. Accordingly, the court must determine whether plaintiff exhausted his administrative remedies regarding the claims that remain in this action prior to that date or, if not, whether plaintiff may be excused from the pre-filing exhaustion requirement. The court addressed each claim identified in the screening order in turn.

Claim 1a: Cell Feeding. Plaintiff alleges that he is blind and that defendants Sharrb, Cooper, Oatman, and Nelson refused to feed him in his cell during the first half of 2008. Dckt. No. 35 at 8-9.[2] Defendants argue that plaintiff submitted an administrative grievance regarding this complaint but failed to see it through to the final level of review.

Defendants' evidence shows that plaintiff filed the grievance on May 5, 2008. Dckt. No. 90-2, Ex. A. Plaintiff wrote, "I am blind and housed on a 4 yard. It is not safe for me to walk to chow due to my blindness nor do I have the same access to the chow line because I cannot see what I've been given or fill my cup." *Id.* The first level reviewer responded:

> You request to have the same access to food and drink as sighted people and to be sure that nothing is in your food other than what is supposed to. . . . The serving line is constantly monitored by the Dining Hall Officer ensuring proper portions are served and each tray is complete. You may also request the assistance from an assigned ADA Assistant inmate to fill your drinking cup and carry your meal tray to your table. Therefore, this portion of your appeal is granted.
>
> Your request to be cell fed due to your blindness is denied for the above stated reasons. Your housing placement on a Level IV facility is appropriate and consistant [sic] with your classification score of 79. . ..
>
> Based on the information above, your appeal has been partially granted.

*Id.* Defendants argue that plaintiff was obligated to seek further review of his request to be cell fed, because that portion of his grievance was denied. Plaintiff first argues that he tried to file an earlier appeal on this issue on April 29, 2008, but that staff refused to acknowledge it. This fact, however, is immaterial in light of plaintiff's successful filing of the May 5, 2008 appeal.

---

[2] Page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

5

Assuming, as plaintiff alleges in his opposition, that staff in someway interfered with an earlier attempt to appeal, the appeal approximately one week later was processed and was partly successful for plaintiff. He has not shown that completion of the administrative appeal process on his other claims was precluded or unavailable to him.

Plaintiff next argues that his grievance was fully granted and thus he was not obligated to seek further review. This argument not only contradict his earlier argument, it is belied by the explicit appeal response, quoted above.

Lastly, plaintiff argues that he tried to submit his grievance for second level review but that staff did not do anything to assist him. Plaintiff's allegations in this regard are hopelessly unfocused and vague. Dckt. No. 101 at 10-11. Plaintiff alleges that he submitted the grievance to the appeals office but "was never notified of being afforded with additional due process rights concerning the appeal. It was, upon remittal of the appeal, incumbent upon staff to afford plaintiff (a blind inmate) with equal access to utilize the CDCR's inmate grievance process further. They failed him." *Id.* Plaintiff does not say how prison staff prevented him from complying with the administrative appeal procedures, nor present evidence of that. Despite receiving defendants' *Wyatt* notice informing him of his obligations in responding to the instant motion, plaintiff has not submitted any evidence, even a declaration, providing specific facts demonstrating that he, indeed, submitted the appeal for second level review but was denied that review. Because defendants have submitted evidence showing that plaintiff failed to exhaust Claim 1a, and plaintiff has failed to refute that evidence, the undersigned recommends that Claim 1a be dismissed without prejudice for failure to exhaust.

Claim 1b: Assistance to Dining Hall. Plaintiff alleges that defendants failed to provide him with someone to assist him in walking to the dining hall. Dckt. No. 35 at 13-15. Defendants argue that the institution has no records of any appeal filed by plaintiff on this issue. Plaintiff has not produced any evidence showing that he filed a grievance requesting an assistant to walk him to and from the dining hall, nor has he shown that the grievance system was unavailable to

him to file such an appeal. Both grievances plaintiff references with regard to meal issues concern solely his request for cell feeding and contain no reference to the need for a walking assistant. *See* Dckt. No. 101 at 25-26; Dckt. No. 90-2, Ex. A. Plaintiff's opposition memorandum makes no mention of his claim that he was denied assistance in walking to the dining hall. As plaintiff has failed to rebut defendants' evidence that he did not administratively grieve his claim that he was denied assistance walking to the dining hall, Claim 1b should be dismissed without prejudice for failure to exhaust.

Claim 2a: Medication Denial. Plaintiff alleges that defendant Medina "cut off some of his medication in the month of November." Dckt. No. 35 at 10. Defendants argue that the institution has no records of any administrative appeal filed by plaintiff with regard to this issue. Plaintiff responds that he did, indeed, file a grievance, and plaintiff has produced a record of a grievance filed December 2, 2008 and completed through the third level of review. Dckt. No. 101 at 29-37. That grievance complained that plaintiff's seizure medication was not refilled on November 1, 2008 although it was due. *Id.* Defendants have not filed a reply brief to respond to plaintiff's evidence showing that he did file a grievance regarding the denial of his seizure medication in November 2008. Moreover, defendants bear the burden of proof on the issue. *Brown*, 422 F.3d at 936-37*; Wyatt*, 315 F.3d at 1119. In light of plaintiff's contrary evidence, defendants' mere assertion that they have no record of plaintiff's appeal fails to meet that burden. Accordingly, defendants have not shown that plaintiff failed to exhaust this issue, and the motion to dismiss Claim 2a must be denied.

Claim 2b: Medical Appliance Denial. Plaintiff alleges that, on May 21, 2009, staff confiscated plaintiff's vest and cane (medical devices) on the orders of defendant Medina. Dckt. No. 35 at 13. Defendants argue that the institution has no record of any administrative appeal from plaintiff with regard to this issue. Plaintiff responds that he was prevented from filing such an appeal by the very staff who confiscated the medical devices. According to plaintiff, he sought assistance from these unidentified staff members

> in obtaining the appropriate medical appeal form, help with filling the form out, and with forwarding off to the facility appeals office for appropriate processing and administrative resolve [sic]. However, the custody staff . . . refused to assist plaintiff with even obtaining the appeal form, less alone [sic] with assisting him fill it out [sic] and forwarding off to the Appeals office.

Dckt. No. 101 at 12. Plaintiff has produced no evidence, even a declaration, providing specific facts demonstrating that correctional staff prevented him from filing this appeal. Moreover, even if plaintiff's allegations are accepted as true, they would not justify excusing plaintiff from exhausting his administrative remedies, because the allegations do not show that plaintiff had no reasonable way to file the grievance. Plaintiff does not allege that there were no other staff he could seek assistance from (other than those who were the subject of the grievance) or that such other staff also refused, or provide any other evidence that would show that he could not otherwise utilize the prison grievance system to complain about the confiscation of his medical devices. Accordingly, defendants' motion to dismiss Claim 2b should be granted, and plaintiff's claim that he was wrongfully deprived of his vest and cane should be dismissed without prejudice for failure to exhaust.

    Claim 3a: Water Leak and Medical Assistance Denial. Plaintiff alleges that he told defendant Betty that there was a water leak in his cell and that defendant Betty told him he would put a work order in but never did so. Dckt. No. 35 at 10-11. Plaintiff was injured when he slipped and fell in a puddle created by the leak. *Id.* at 11. Plaintiff asked defendant Betty for medical help, but defendant Betty refused to help plaintiff fill out the necessary sick call slip. *Id.* Defendants have produced evidence that plaintiff filed a grievance on this issue but it was rejected as untimely and never resubmitted. Dckt. No. 90-2. In response, plaintiff essentially concedes that the grievance was untimely but again alleges, without supporting evidence, that unidentified staff refused to help him obtain a grievance form and fill it out. Dckt. No. 101 at 7. Plaintiff further alleges that the appeal was never returned to him, so he could not have resubmitted it. *Id.* Faced with defendants' evidence that plaintiff's grievance was screened out as untimely and thus not properly exhausted, plaintiff has failed to provide evidence showing

specific facts supporting his vague allegations that he could not timely file because "staff" refused to assist him. Even if the screened-out appeal was not returned to plaintiff, plaintiff has produced no evidence or even argued that he could not have used or submitted a new grievance form. As plaintiff has failed to rebut defendants' evidence that he did not properly exhaust his claims against defendant Betty for failing to take action to repair the water leak and failing to assist plaintiff in obtaining medical help, the undersigned recommends that these claims be dismissed without prejudice for failure to exhaust.

Claim 3b: Second Tier Cell, Defendant Betty. Plaintiff alleges that defendant Betty moved him to a second-tier cell despite plaintiff's lower-tier chrono. Dckt. No. 35 at 11-12. Defendants have produced evidence that plaintiff filed a grievance regarding allegations that defendant Betty had moved him to a second-tier cell but that it was screened out because plaintiff had not completed the informal level of review. Dckt. No. 90-2. Plaintiff responds that his appeal was a "staff complaint" for which he was not required to complete the informal level of review. Dckt. No. 101 at 8. According to plaintiff, after the grievance was wrongfully screened out, he resubmitted it, but it was not processed. *Id.* It does appear that plaintiff was not required to obtain informal review under California Code of Regulations, title 15, section 3084.5(a), which exempts from such review "appeal of [a]lleged misconduct by a departmental peace officer." Cal. Code Regs. tit. 15, § 3084.5(a)(3)(G) (2007). Defendants have filed no response to plaintiff's allegations that he was not required to go through the informal level and that his grievance was ignored when resubmitted. Accordingly, defendants have not carried their burden of showing that plaintiff had further avenues of relief available that he did not avail himself of, and Claim 3b should not be dismissed for failure to exhaust.

Claim 4a: Second Tier Cell, Defendant Barron. Plaintiff alleges that defendant Barron assisted in moving him to the second-tier cell. Dckt. No. 35 at 12. Defendants have produced evidence that plaintiff filed no grievance alleging defendant Barron's involvement in the cell move. Dckt. Nos. 90-2, 90-3. Plaintiff lumps his allegations against defendant Barron into those

9

against defendant Betty described in Claim 3b. However, defendants' evidence is that the grievance plaintiff filed against defendant Betty did not mention defendant Barron.

Because the regulations in effect at the relevant time did not require that inmates identify all staff members involved in the incident complained of (*compare* Cal. Code Reg. tit. 15, § 3084.2 (2007) *with* Cal. Code Regs. tit. 15, § 3084.2 (2012)), but merely required the inmate to "describe the problem and the action requested," plaintiff's grievance alleging that defendant Betty wrongfully moved him to a second-tier cell, addressed as Claim 3b above, is sufficient to encompass all other staff who acted jointly to move plaintiff, including defendant Barron. Thus, plaintiff's claim that defendant Barron wrongfully moved him should not be dismissed for failure to exhaust for the reasons discussed in the section regarding Claim 3b.

Claim 4b: Excessive Force. Plaintiff alleges that, during the move, defendant Barron slammed him into a wall. Dckt. No. 35 at 12. Defendants' evidence is that plaintiff filed no grievance regarding defendant Barron or his use of excessive force against the plaintiff. Dckt. Nos. 90-2, 90-3. Plaintiff again lumps all of his allegations against defendant Barron in with those against defendant Betty for the cell move and argues that, because he tried to exhaust a grievance against defendant Betty for the move, he also tried to exhaust his claims against defendant Barron. However, plaintiff's allegation that defendant Barron used excessive force against him during the move concerns a separate incident of misconduct from the cell move. Prison officials reviewing a grievance alleging that plaintiff had been moved to a second-tier cell despite his first-tier cell chrono would not be apprised of a claim that one of the officers accomplishing the move had used excessive force against plaintiff. As plaintiff has failed to show that he filed a grievance against defendant Barron for his alleged use of excessive force or that he should be excused from the exhaustion requirement, the claim against defendant Barron for excessive force must be dismissed without prejudice for failure to exhaust.

////

////

### III.     Order and Recommendations

For the foregoing reasons, it is ORDERED that plaintiff's December 27, 2012 motion for appointment of counsel is denied without prejudice.

Further, it is RECOMMENDED that

1. The August 7, 2012 motion to dismiss (Dckt. No. 90) be granted in part and that the following claims be dismissed without prejudice for failure to exhaust:

    a. Plaintiff's claims against defendants Sharrb, Cooper, Oatman, and Nelson for refusing to feed plaintiff in his cell or provide an assistant to walk plaintiff to the dining hall during the first half of 2008;

    b. Plaintiff's claim against defendant Medina for ordering the confiscation of plaintiff's medically-necessary vest and cane in May 2009;

    c. Plaintiff's claim against defendant Betty for refusing to assist plaintiff in getting a water leak repaired and filling out a sick call slip in September 2007;

    d. Plaintiff's claim against defendant Barron for slamming plaintiff into a wall in November 2007; and

2. In all other respects, the motion to dismiss be denied.[3]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

---

[3] Accordingly, if these recommendations are adopted plaintiff's only remaining claims will be: (1) against defendant Medina for stopping plaintiff's heart and/or seizure medications in November 2008 in violation of the Eighth Amendment and (2) against defendants Betty and Barron for moving plaintiff to a second-tier cell in violation of the Eighth Amendment.

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 12, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE