1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8        FOR THE EASTERN DISTRICT OF CALIFORNIA

9   HOWARD SCOTT,

10             Plaintiff,              No. 2:09-cv-0851 MCE EFB P

11        vs.

12   M. McDONALD, et al.,
                                       ORDER AND
13             Defendants.             FINDINGS AND RECOMMENDATIONS

14   _____/

15        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

16   U.S.C. § 1983.  The defendants move to dismiss for failure to exhaust administrative remedies.

17   Dckt. No. 90.  For the following reasons, the motion should be granted in part.

18   **I.     Background**

19        This action proceeds on the second amended complaint filed September 21, 2010.  Dckt.

20   No. 35.  On April 7, 2011, the court issued a screening order under 28 U.S.C. § 1915A

21   concluding that plaintiff stated the following potentially cognizable claims:

22        1.      Against defendants Sharrb, Cooper, Oatman, and Nelson for violating the ADA

23                by

24                a.      refusing to feed plaintiff in his cell; and

25                b.      refusing to provide plaintiff with a person to assist him in walking to the

26                        dining hall.

2.     Against defendant Medina for violating the Eighth Amendment by

    a.     stopping plaintiff's heart and seizure medication; and

    b.     ordering subordinates to confiscate plaintiff's mobility vest and cane.

3.     Against defendant Betty for violating the Eighth Amendment by

    a.     failing to protect plaintiff from a water leak in his cell and refusing to help

       plaintiff obtain medical attention when he slipped on leaked water; and

    b.     moving plaintiff to a cell on the second tier.

4.     Against defendant Barron for violating the Eighth Amendment by

    a.     moving plaintiff to a cell on the second tier; and

    b.     slamming plaintiff into the wall when plaintiff objected to the second tier

       cell.

Dckt. No. 36 at 2.

Defendants argue that plaintiff has failed to properly exhaust each claim.

**II.     Motion for Counsel**

Plaintiff again asks the court to appoint counsel to represent him. Dckt. No. 102. The request is denied for the reasons stated in the order filed October 26, 2012. Dckt. No. 96 at 2-3.

**III.     Exhaustion**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v.*

1   *Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials

2   "time and opportunity to address complaints internally before allowing the initiation of a federal

3   case").

4          Prisoners who file grievances must use a form provided by the California Department of

5   Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline

6   the action requested.  The grievance process, as defined by California regulations, has three

7   levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code

8   Regs. tit. 15, § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has

9   received a "Director's Level Decision," or third level review, with respect to his issues or claims.

10  *Id.* § 3084.1(b).

11         Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731,

12  741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other

13  critical procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be

14  "available," there must be the "possibility of some relief . . . ."  *Booth*, 532 U.S. at 738.  Relying

15  on *Booth*, the Ninth Circuit has held:

16              [A] prisoner need not press on to exhaust further levels of review once he has
                received all "available" remedies at an intermediate level of review or has been
17              reliably informed by an administrator that no remedies are available.

18  *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

19         In the Ninth Circuit, motions to dismiss for failure to exhaust administrative remedies are

20  normally brought under Rule 12(b) of the Federal Rules of Civil Procedure.  *See Albino v. Baca*,

21  697 F.3d. 1023 (9th Cir. 2012).  Nonetheless, it remains well established that credibility of

22  witnesses over material factual disputes cannot be resolved on paper.  Thus, when ruling on an

23  exhaustion motion requires the court to look beyond the pleadings in the context of disputed

24  issues of fact, the court must do so under "a procedure closely analogous to summary judgment."

25  *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003).  Doing so ensures that a process is

26  followed to test whether disputes over facts pertaining to whether plaintiff actually exhausted

available remedies are truly genuine and material and therefore warrant live testimony, or

whether the dispute(s) may be disposed of by unrefuted declarations and exhibits.  Therefore,

following the suggestion in *Wyatt*, and because care must be taken not to resolve credibility on

paper if it pertains to disputed issues of fact that are material to the outcome, the undersigned

applies the Rule 56 standards to exhaustion motions that require consideration of materials

extrinsic to the complaint.[1]  *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL

3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

      Failure to exhaust is an affirmative defense and the defendants bear the burden of proving

plaintiff did not exhaust available remedies.  *Wyatt*, 315 F.3d at 1119.  To discharge this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at
> unexhausted levels of the grievance process or through awaiting the results of the
> relief already granted as a result of that process. Relevant evidence in so
> demonstrating would include statutes, regulations, and other official directives
> that explain the scope of the administrative review process; documentary or
> testimonial evidence from prison officials who administer the review process; and
> information provided to the prisoner concerning the operation of the grievance
> procedure in this case . . . . With regard to the latter category of evidence,
> information provided [to] the prisoner is pertinent because it informs our
> determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

      Defendants' motion to dismiss included a notice to plaintiff informing him of the

requirements for opposing a motion to dismiss for failure to exhaust available administrative

remedies.  *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 2012 U.S. App.

LEXIS 19647, at *7-8 (9th Cir. Sept. 19, 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120

n.15 (9th Cir. 2003).

////

////

---

[1] Here, defendants rely on testimonial evidence in the form of declarations from two
prison officials and a documentary record to establish the facts in support of their contention that
plaintiff failed to exhaust.

Plaintiff filed the instant action on March 27, 2009.  Dckt. No. 1.  Accordingly, the court must determine whether plaintiff exhausted his administrative remedies regarding the claims that remain in this action prior to that date or, if not, whether plaintiff may be excused from the pre-filing exhaustion requirement.  The court addressed each claim identified in the screening order in turn.

Claim 1a: Cell Feeding.  Plaintiff alleges that he is blind and that defendants Sharrb, Cooper, Oatman, and Nelson refused to feed him in his cell during the first half of 2008.  Dckt. No. 35 at 8-9.[2]  Defendants argue that plaintiff submitted an administrative grievance regarding this complaint but failed to see it through to the final level of review.

Defendants' evidence shows that plaintiff filed the grievance on May 5, 2008.  Dckt. No. 90-2, Ex. A.  Plaintiff wrote, "I am blind and housed on a 4 yard.  It is not safe for me to walk to chow due to my blindness nor do I have the same access to the chow line because I cannot see what I've been given or fill my cup."  *Id.*  The first level reviewer responded:

> You request to have the same access to food and drink as sighted people and to be sure that nothing is in your food other than what is supposed to. . . .  The serving line is constantly monitored by the Dining Hall Officer ensuring proper portions are served and each tray is complete.  You may also request the assistance from an assigned ADA Assistant inmate to fill your drinking cup and carry your meal tray to your table.  Therefore, this portion of your appeal is granted.
>
> Your request to be cell fed due to your blindness is denied for the above stated reasons.  Your housing placement on a Level IV facility is appropriate and consistant [sic] with your classification score of 79. . ..
>
> Based on the information above, your appeal has been partially granted.

*Id.*  Defendants argue that plaintiff was obligated to seek further review of his request to be cell fed, because that portion of his grievance was denied.  Plaintiff first argues that he tried to file an earlier appeal on this issue on April 29, 2008, but that staff refused to acknowledge it.  This fact, however, is immaterial in light of plaintiff's successful filing of the May 5, 2008 appeal.

---

[2] Page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

1   Assuming, as plaintiff alleges in his opposition, that staff in someway interfered with an earlier

2   attempt to appeal, the appeal approximately one week later was processed and was partly

3   successful for plaintiff.  He has not shown that completion of the administrative appeal process

4   on his other claims was precluded or unavailable to him.

5           Plaintiff next argues that his grievance was fully granted and thus he was not obligated to

6   seek further review.  This argument not only contradict his earlier argument, it is belied by the

7   explicit appeal response, quoted above.

8           Lastly, plaintiff argues that he tried to submit his grievance for second level review but

9   that staff did not do anything to assist him.  Plaintiff's allegations in this regard are hopelessly

10  unfocused and vague.  Dckt. No. 101 at 10-11.  Plaintiff alleges that he submitted the grievance

11  to the appeals office but "was never notified of being afforded with additional due process rights

12  concerning the appeal.  It was, upon remittal of the appeal, incumbent upon staff to afford

13  plaintiff (a blind inmate) with equal access to utilize the CDCR's inmate grievance process

14  further.  They failed him."  *Id.*  Plaintiff does not say how prison staff prevented him from

15  complying with the administrative appeal procedures, nor present evidence of that.  Despite

16  receiving defendants' *Wyatt* notice informing him of his obligations in responding to the instant

17  motion, plaintiff has not submitted any evidence, even a declaration, providing specific facts

18  demonstrating that he, indeed, submitted the appeal for second level review but was denied that

19  review.   Because defendants have submitted evidence showing that plaintiff failed to exhaust

20  Claim 1a, and plaintiff has failed to refute that evidence, the undersigned recommends that

21  Claim 1a be dismissed without prejudice for failure to exhaust.

22          Claim 1b: Assistance to Dining Hall.  Plaintiff alleges that defendants failed to provide

23  him with someone to assist him in walking to the dining hall.  Dckt. No. 35 at 13-15.  Defendants

24  argue that the institution has no records of any appeal filed by plaintiff on this issue.  Plaintiff

25  has not produced any evidence showing that he filed a grievance requesting an assistant to walk

26  him to and from the dining hall, nor has he shown that the grievance system was unavailable to

1  him to file such an appeal.  Both grievances plaintiff references with regard to meal issues

2  concern solely his request for cell feeding and contain no reference to the need for a walking

3  assistant.  *See* Dckt. No. 101 at 25-26; Dckt. No. 90-2, Ex. A.  Plaintiff's opposition

4  memorandum makes no mention of his claim that he was denied assistance in walking to the

5  dining hall.  As plaintiff has failed to rebut defendants' evidence that he did not administratively

6  grieve his claim that he was denied assistance walking to the dining hall, Claim 1b should be

7  dismissed without prejudice for failure to exhaust.

8       Claim 2a: Medication Denial.  Plaintiff alleges that defendant Medina "cut off some of

9  his medication in the month of November."  Dckt. No. 35 at 10.  Defendants argue that the

10  institution has no records of any administrative appeal filed by plaintiff with regard to this issue.

11  Plaintiff responds that he did, indeed, file a grievance, and plaintiff has produced a record of a

12  grievance filed December 2, 2008 and completed through the third level of review.  Dckt. No.

13  101 at 29-37.  That grievance complained that plaintiff's seizure medication was not refilled on

14  November 1, 2008 although it was due.  *Id.*  Defendants have not filed a reply brief to respond to

15  plaintiff's evidence showing that he did file a grievance regarding the denial of his seizure

16  medication in November 2008.  Moreover, defendants bear the burden of proof on the issue.

17  *Brown*, 422 F.3d at 936-37*; Wyatt*, 315 F.3d at 1119.  In light of plaintiff's contrary evidence,

18  defendants' mere assertion that they have no record of plaintiff's appeal fails to meet that

19  burden.  Accordingly, defendants have not shown that plaintiff failed to exhaust this issue, and

20  the motion to dismiss Claim 2a must be denied.

21       Claim 2b: Medical Appliance Denial.  Plaintiff alleges that, on May 21, 2009, staff

22  confiscated plaintiff's vest and cane (medical devices) on the orders of defendant Medina.  Dckt.

23  No. 35 at 13.  Defendants argue that the institution has no record of any administrative appeal

24  from plaintiff with regard to this issue.  Plaintiff responds that he was prevented from filing such

25  an appeal by the very staff who confiscated the medical devices.  According to plaintiff, he

26  sought assistance from these unidentified staff members

1

> in obtaining the appropriate medical appeal form, help with filling the form out,
> and with forwarding off to the facility appeals office for appropriate processing
> and administrative resolve [sic].  However, the custody staff . . . refused to assist
> plaintiff with even obtaining the appeal form, less alone [sic] with assisting him
> fill it out [sic] and forwarding off to the Appeals office.

2

3

4   Dckt. No. 101 at 12.  Plaintiff has produced no evidence, even a declaration, providing specific

5   facts demonstrating that correctional staff prevented him from filing this appeal.  Moreover, even

6   if plaintiff's allegations are accepted as true, they would not justify excusing plaintiff from

7   exhausting his administrative remedies, because the allegations do not show that plaintiff had no

8   reasonable way to file the grievance.  Plaintiff does not allege that there were no other staff he

9   could seek assistance from (other than those who were the subject of the grievance) or that such

10  other staff also refused, or provide any other evidence that would show that he could not

11  otherwise utilize the prison grievance system to complain about the confiscation of his medical

12  devices.  Accordingly, defendants' motion to dismiss Claim 2b should be granted, and plaintiff's

13  claim that he was wrongfully deprived of his vest and cane should be dismissed without

14  prejudice for failure to exhaust.

15       Claim 3a: Water Leak and Medical Assistance Denial.  Plaintiff alleges that he told

16  defendant Betty that there was a water leak in his cell and that defendant Betty told him he

17  would put a work order in but never did so.  Dckt. No. 35 at 10-11.  Plaintiff was injured when

18  he slipped and fell in a puddle created by the leak.  *Id.* at 11.  Plaintiff asked defendant Betty for

19  medical help, but defendant Betty refused to help plaintiff fill out the necessary sick call slip.  *Id.*

20  Defendants have produced evidence that plaintiff filed a grievance on this issue but it was

21  rejected as untimely and never resubmitted.  Dckt. No. 90-2.  In response, plaintiff essentially

22  concedes that the grievance was untimely but again alleges, without supporting evidence, that

23  unidentified staff refused to help him obtain a grievance form and fill it out.  Dckt. No. 101 at 7.

24  Plaintiff further alleges that the appeal was never returned to him, so he could not have

25  resubmitted it.  *Id.*  Faced with defendants' evidence that plaintiff's grievance was screened out

26  as untimely and thus not properly exhausted, plaintiff has failed to provide evidence showing

specific facts supporting his vague allegations that he could not timely file because "staff" refused to assist him.  Even if the screened-out appeal was not returned to plaintiff, plaintiff has produced no evidence or even argued that he could not have used or submitted a new grievance form.  As plaintiff has failed to rebut defendants' evidence that he did not properly exhaust his claims against defendant Betty for failing to take action to repair the water leak and failing to assist plaintiff in obtaining medical help, the undersigned recommends that these claims be dismissed without prejudice for failure to exhaust.

Claim 3b: Second Tier Cell, Defendant Betty.  Plaintiff alleges that defendant Betty moved him to a second-tier cell despite plaintiff's lower-tier chrono.  Dckt. No. 35 at 11-12. Defendants have produced evidence that plaintiff filed a grievance regarding allegations that defendant Betty had moved him to a second-tier cell but that it was screened out because plaintiff had not completed the informal level of review.  Dckt. No. 90-2.  Plaintiff responds that his appeal was a "staff complaint" for which he was not required to complete the informal level of review.  Dckt. No. 101 at 8.  According to plaintiff, after the grievance was wrongfully screened out, he resubmitted it, but it was not processed.  *Id.*  It does appear that plaintiff was not required to obtain informal review under California Code of Regulations, title 15, section 3084.5(a), which exempts from such review "appeal of [a]lleged misconduct by a departmental peace officer."  Cal. Code Regs. tit. 15, § 3084.5(a)(3)(G) (2007).  Defendants have filed no response to plaintiff's allegations that he was not required to go through the informal level and that his grievance was ignored when resubmitted.  Accordingly, defendants have not carried their burden of showing that plaintiff had further avenues of relief available that he did not avail himself of, and Claim 3b should not be dismissed for failure to exhaust.

Claim 4a: Second Tier Cell, Defendant Barron.  Plaintiff alleges that defendant Barron assisted in moving him to the second-tier cell.  Dckt. No. 35 at 12.  Defendants have produced evidence that plaintiff filed no grievance alleging defendant Barron's involvement in the cell move.  Dckt. Nos. 90-2, 90-3.  Plaintiff lumps his allegations against defendant Barron into those

9

1   against defendant Betty described in Claim 3b.  However, defendants' evidence is that the

2   grievance plaintiff filed against defendant Betty did not mention defendant Barron.

3         Because the regulations in effect at the relevant time did not require that inmates identify

4   all staff members involved in the incident complained of (*compare* Cal. Code Reg. tit. 15,

5   § 3084.2 (2007) *with* Cal. Code Regs. tit. 15, § 3084.2 (2012)), but merely required the inmate to

6   "describe the problem and the action requested," plaintiff's grievance alleging that defendant

7   Betty wrongfully moved him to a second-tier cell, addressed as Claim 3b above, is sufficient to

8   encompass all other staff who acted jointly to move plaintiff, including defendant Barron.  Thus,

9   plaintiff's claim that defendant Barron wrongfully moved him should not be dismissed for failure

10  to exhaust for the reasons discussed in the section regarding Claim 3b.

11        <u>Claim 4b: Excessive Force.</u>  Plaintiff alleges that, during the move, defendant Barron

12  slammed him into a wall.  Dckt. No. 35 at 12.  Defendants' evidence is that plaintiff filed no

13  grievance regarding defendant Barron or his use of excessive force against the plaintiff.  Dckt.

14  Nos. 90-2, 90-3.  Plaintiff again lumps all of his allegations against defendant Barron in with

15  those against defendant Betty for the cell move and argues that, because he tried to exhaust a

16  grievance against defendant Betty for the move, he also tried to exhaust his claims against

17  defendant Barron.  However, plaintiff's allegation that defendant Barron used excessive force

18  against him during the move concerns a separate incident of misconduct from the cell move.

19  Prison officials reviewing a grievance alleging that plaintiff had been moved to a second-tier cell

20  despite his first-tier cell chrono would not be apprised of a claim that one of the officers

21  accomplishing the move had used excessive force against plaintiff.  As plaintiff has failed to

22  show that he filed a grievance against defendant Barron for his alleged use of excessive force or

23  that he should be excused from the exhaustion requirement, the claim against defendant Barron

24  for excessive force must be dismissed without prejudice for failure to exhaust.

25  ////

26  ////

10

### III.     Order and Recommendations

For the foregoing reasons, it is ORDERED that plaintiff's December 27, 2012 motion for appointment of counsel is denied without prejudice.

Further, it is RECOMMENDED that

1. The August 7, 2012 motion to dismiss (Dckt. No. 90) be granted in part and that the following claims be dismissed without prejudice for failure to exhaust:

       a.  Plaintiff's claims against defendants Sharrb, Cooper, Oatman, and Nelson for refusing to feed plaintiff in his cell or provide an assistant to walk plaintiff to the dining hall during the first half of 2008;

       b.  Plaintiff's claim against defendant Medina for ordering the confiscation of plaintiff's medically-necessary vest and cane in May 2009;

       c.  Plaintiff's claim against defendant Betty for refusing to assist plaintiff in getting a water leak repaired and filling out a sick call slip in September 2007;

       d.  Plaintiff's claim against defendant Barron for slamming plaintiff into a wall in November 2007; and

2. In all other respects, the motion to dismiss be denied.[3]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

////

////

---

[3]  Accordingly, if these recommendations are adopted plaintiff's only remaining claims will be: (1) against defendant Medina for stopping plaintiff's heart and/or seizure medications in November 2008 in violation of the Eighth Amendment and (2) against defendants Betty and Barron for moving plaintiff to a second-tier cell in violation of the Eighth Amendment.

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated:  March 12, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE