UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD SCOTT, | No. 2:09-cv-0851-MCE-EFB P |
| Plaintiff, | |
| v. | ORDER |
| M. McDONALD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants claim that plaintiff failed to respond to their interrogatories and requests for production, and move to compel plaintiff's responses. ECF No. 119. Plaintiff did not file an opposition. He did however, file a "motion to subpoena witnesses," an "informal response and pretrial statement" and hundreds of pages of exhibits. *See* ECF No. 120, 121, 122. Included in plaintiff's exhibits are his responses to defendants' interrogatories. *See* ECF No. 121 at 12-31. There is no evidence that plaintiff properly served these responses on defendants. Nevertheless, defendants' motion to compel is denied as moot as to the interrogatories, because plaintiff's responses are now available to them. Plaintiff is admonished, however, that in the future, discovery documents must be served on a defendant, and not filed with the court.[1]  In

---

[1] Pursuant to this court's local rules, interrogatories, requests for production, requests for admission, and responses thereto "shall not be filed with the clerk" unless there is a proceeding

1

addition, there is no indication that plaintiff ever responded to defendants' requests for production. Though plaintiff filed hundreds of documents with the court, it is not clear which of those documents, if any, plaintiff intends to provide in response to defendants' requests for production. A party may move for an order compelling discovery if the receiving party fails to respond or fully answer its discovery requests. Fed. R. Civ. P. 37(a)(3)(B), (a)(4). Because plaintiff has not responded to defendants' requests for production, defendants' motion to compel plaintiff's responses is granted.

Moreover, plaintiff's "motion to subpoena witnesses" and "informal response and pretrial statement" are disregarded. After the deadline for dispositive motions passes, the court will, if appropriate, direct the parties to file pretrial statements and allow plaintiff to request the attendance of incarcerated witnesses at trial. Until the court issues such an order, plaintiff's filings are premature.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel plaintiff's responses to their requests for production (ECF No. 119) is granted. Plaintiff shall serve his responses on defendants within 14 days of the date or this order. Any motion to compel must be filed by defendants no later than 30 days thereafter.

2. In light of the resolution of defendants' motion to compel, the September 30, 2013 dispositive motions deadline (established by the April 18, 2013 discovery and scheduling order) is no longer workable. The deadline for filing dispositive motions is vacated and will be reset following the conclusion of discovery.

/////
/////
/////
/////

that puts the discovery request or response at issue. *See* E.D. Cal. Local Rules 250.2-250.4. Further, when a discovery request or response is at issue, only the part of the request or response at issue "shall be filed." *Id*.

3. Plaintiff's "motion to subpoena witnesses" and "informal response and pretrial statement" (ECF Nos. 120, 122) are disregarded as premature.

DATED: September 10, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3