UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD SCOTT,

    Plaintiff,

  v.

M. McDONALD, et al.,

    Defendants.

No.  2:09-cv-0851-MCE-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  This order addresses defendants' second motion to compel (ECF No. 124).  It also addresses two motions filed by plaintiff (ECF Nos. 131, 132): (1) "Motion for Appointment of Counsel and Motion for Order U.S. District Court under Rule 182 (Fed. R. Civ. P. 83)"; and (2) "Motion for Summary Judgment and Motion for Request for Appointment of Counsel as well as Opposing Attorney General Motion to Dismiss."  Lastly, it sets a deadline for the filing of dispositive motions.  For the reasons stated below, defendants' motion to compel is granted and plaintiff's motions are denied.

**I.  Background**

On July 29, 2013, defendants moved to compel plaintiff's responses to their requests for production.  ECF No. 119.  In response, plaintiff filed hundreds of documents with the court.  ECF No. 121.   The court determined that plaintiff had not satisfied his duty to respond to

defendants' discovery requests, as it was not clear which of those documents, if any, plaintiff intended to serve as his discovery responses. ECF No. 123. On September 10, 2013, the court granted defendants' motion to compel and ordered plaintiff to serve his responses on defendants within 14 days. *Id.*

### II.     Defendants' Second Motion to Compel (ECF No. 124)

On October 24, 2013, defendants filed a second motion to compel, accompanied by defense counsel's sworn declaration. ECF No. 124. Defense counsel indicates that plaintiff failed to serve discovery responses as ordered. ECF No. 124-6, ¶ 4. On October 17, 2013, defense counsel spoke with plaintiff. Plaintiff purportedly told counsel that the documents he sent to the court and to the defendants "were all the documents he had." *Id.* ¶ 5. Defense counsel explained that he had received the documents, but that he could not determine which of them, if any, corresponded to defendants' requests for production of documents. *Id.* Defense counsel offered to read the requests line by line, and go through the documents page by page, in order determine which documents, if any, were responsive to each request. *Id.* Defense counsel also offered to contact the prison staff to see if anybody could help plaintiff go through the documents with him. *Id.* Plaintiff refused both offers. *Id.* Defendants now move for (1) a second order compelling plaintiff to serve further responses to their requests for production; and (2) an order sanctioning plaintiff by requiring that he pay defendants' costs for bringing the instant motion. ECF No. 124.

On December 4, 2013, after plaintiff failed to respond to defendants' second motion to compel, the court ordered plaintiff to file a response within 21 days. ECF No. 126. The court warned plaintiff that his failure to respond to the motion was in violation of the court's rules, and could result in sanctions, including the sanction of dismissal. *Id.*

On December 9, 2013, plaintiff informed the court that he had made a "good faith attempt" to comply with the court's order by sending "all the documents" to the defendants. ECF No. 127. Thus, plaintiff apparently believes that the documents he sent to defendants are responsive to their document requests. The problem that remains, however, is that it is not readily apparent which of those documents correspond to each of defendants' document requests.

Accordingly, defendants' motion to compel is granted. Within 14 days of the date of this order, plaintiff shall inform defendants, orally or in writing, which documents are responsive to each request. The parties shall make a good faith attempt to resolve this issue informally.

Defendants' request to sanction plaintiff for his non-compliance is denied. However, plaintiff is admonished that although he is proceeding pro se, he is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (procedural requirements apply to all litigants, including prisoners lacking access to counsel); E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law."). Plaintiff's failure to obey the court's orders and the local and federal rules including rules regarding his responsibilities in responding to discovery and in prosecuting this action may justify dismissal, including dismissal with prejudice. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262-63 (9th Cir. 1992); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of any change of address).

**III.   Plaintiff's Motions (ECF Nos. 131, 132)**

Plaintiff requests that the court appoint counsel. ECF No. 131. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

On February 7, 2014, plaintiff filed a second motion, entitled "Motion for Summary Judgment and Motion for Request for Appointment of Counsel as well as Opposing Attorney

3

General Motion to Dismiss." ECF No. 132. Aside from renewing his request for counsel, the only relief requested by plaintiff is for the court to "order all sworn and nonsworn . . . personal files, supervisory files, adverse action files, grievance files, action files, . . . employee relation files[, and] records of inmate 602's." ECF No. 132 at 11; *see also id.* at 16-18. Construed as a motion to compel, the motion is denied as untimely. *See* ECF No. 109 (Discovery & Scheduling Order requiring that all motions to compel be filed by July 29, 2013). A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff fails to demonstrate that good cause supports his implied request to modify the schedule.

**IV.     Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' second motion to compel (ECF No. 124) is granted to the extent that plaintiff shall, within 14 days of the date of this order, inform defendants, orally or in writing, which of his documents are responsive to each of defendants' document requests.

2. Plaintiff's request for appointment of counsel (ECF No. 131) is denied.

3. Plaintiff's February 7, 2014 motion (ECF No. 132), construed as a renewed request for appointment of counsel and motion to compel, is denied.

4. Any dispositive motions shall be filed no later than 60 days from the date of this order.

DATED: March 21, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4