UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD SCOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>M. McDONALD, et al.,<br><br>    Defendants. | No.  2:09-cv-0851-MCE-EFB P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] The deadline for filing dispositive motions in this case was May 20, 2014. ECF No. 137. Defendant Medina timely filed a motion for summary judgment, ECF No. 145, while defendants Betti and Barron moved to dismiss this action due to plaintiff's failure to comply with discovery rules and court orders, ECF No. 143. Defendants Betti and Baron also requested that the deadline for filing dispositive motions be extended in the event their motion to dismiss is denied. ECF No. 144. In response to defendants' motions, plaintiff renewed his request for appointment of counsel and asked that these proceedings be stayed. ECF No. 149. As explained below, the court recommends that defendants Betti and Barron's motion to dismiss be denied,

---

[1] Plaintiff claims that defendant Medina was deliberately indifferent to his serious medical needs when he stopped plaintiff's heart and/or seizure medications and that defendants Betti and Barron were deliberately indifferent when they moved plaintiff to a second-tier cell.

1

grants their motion to extend the deadline for filing a dispositive motion, and grants plaintiff's requests for appointment of counsel and for a stay of the proceedings in this case.

## I. Background

On July 29, 2013, defendants moved to compel plaintiff's responses to their requests for production. ECF No. 119. In response, plaintiff filed 167 pages of miscellaneous documents with the court. ECF No. 121. The court determined that plaintiff had not satisfied his duty to respond to defendants' discovery requests, as it was not clear which of those documents, if any, plaintiff intended to serve as his discovery responses. ECF No. 123. On September 10, 2013, the court granted defendants' motion to compel and ordered plaintiff to serve his responses on defendants within 14 days. *Id.*

On October 24, 2013, defendants filed a second motion to compel, stating that plaintiff had responded to the court's order by merely sending defendants "the same jumble of documents he had filed with the Court." ECF No. 124-1 at 1. Plaintiff responded that he had made a "good faith attempt" to comply with the court's order by sending "all the documents" to the defendants. ECF No. 127. On March 21, 2014, the court granted defendants' motion, explaining that despite plaintiff's "good faith" efforts, it was "not readily apparent which of those documents correspond[ed] to each of defendants' document requests." ECF No. 137 at 2. The court admonished plaintiff that although he is proceeding pro se, he is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California. *Id.* at 3.

On May 15, 2014, defendants Betti and Barron moved to dismiss this action after plaintiff again failed to comply with the court order directing that he inform defendants which of his documents were responsive to each of their document requests. ECF No. 143 (citing Fed. R. Civ. P 37(b)(2) & 41(b)).

## II. Motion to Dismiss

A court may dismiss a case for a party's failure to comply with court orders. Fed. R. Civ. P. 41(b). A court may also impose sanctions, including the sanction of dismissal, on a party who refuses to comply with discovery orders. Fed. R. Civ. P. 37(b)(2)(A)(v). However, "'[w]here the

drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith.'" *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 (9th Cir. 1993) (quoting *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985)). "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Id.* at 948 (quoting *Fjelstad*, 762 F.2d at 1341). Furthermore, to determine whether to impose the severe sanction of dismissal, a court must consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (citing *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)); *Henry*, 983 F.2d at 948.

    Defendants have not shown that plaintiff's non-compliance is deliberate or stems from bad faith. Rather, it appears that the non-compliance with the procedural and technical requirement for responding discovery is due to his limited understanding of the law, coupled with the fact that he is blind, confined to a wheelchair, and allegedly suffers from several other mental and physical impairments. *See, e.g.,* ECF No. 148.

    Further, while plaintiff has technically failed to provide a proper response to defendants' document requests, plaintiff maintains that he has provided defendants with all of the documents he has that are responsive to their requests. ECF No. 127. As noted, he filed those documents with the court, and subsequently forwarded them to defense counsel. ECF Nos. 121 & 127. Defendants claim they are prejudiced by plaintiff's failure to identify which documents respond to each of their requests, claiming that "[w]ithout knowing what evidence Plaintiff intends to use to support his claims, [they] are unable to prepare a dispositive motion or mount a defense at trial." ECF No. 143 at 3. The claim is unconvincing. Plaintiff has made clear that the evidence he intends to use to support his claims can be found in the documents he has submitted to both the court and to defendants. The first 30 of those 167 pages are easily identifiable as plaintiff's responses to defendants' interrogatories. The second 30 pages consist of numerous requests from

plaintiff for health care services. The remaining 100 or so pages consist of declarations, plaintiff's medical records and chronos, plaintiff's administrative appeals, and correspondence between plaintiff various legal offices. *See* ECF No. 121. Defendants are surely capable of evaluating these documents and determining which ones are relevant to plaintiff's claims, preparing a dispositive motion if appropriate, and mounting a defense. Although the public's interest in expeditiously resolving this litigation and the court's need to manage its docket could favor dismissal, the public policy favoring disposition of cases on their merits does not. And given that plaintiff's technical non-compliance with the rules of discovery hardly prejudices defendants and was not willful, defendants' motion to dismiss must be denied. However, defendants' request to extend the dispositive motion deadline is granted to the extent that any such motion must be filed within 14 days of any order adopting the recommendation herein.

### III.     Plaintiff's Requests for Appointment of Counsel and for a Stay

Plaintiff requests appointment of counsel and that these proceedings be stayed. ECF No. 149. Plaintiff's request for the appointment of counsel is granted. The court will refer this matter to the court's ADR and Pro Bono Director Sujean Park to locate an attorney who is admitted to practice in this court and is willing to accept the appointment. Plaintiff's motion to stay is granted to the extent that until counsel is appointed, he is not obligated to respond to defendant Medina's pending motion for summary judgment, or to any summary judgment motion filed by defendants Betti and Barron.

### IV.     Summary of Order and Recommendations

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants Betti and Barron's motion to modify the schedule and extend the dispositive motions deadline (ECF No. 144) is granted in that any such motion must be filed within 14 days of any order adopting the recommendation below.

/////
/////
/////
/////

4

2. Plaintiff's request for the appointment of counsel (ECF No. 149) is granted and the case is referred to Sujean Park, the court's pro bono coordinator. Until counsel is appointed, plaintiff is not obligated to respond to defendant Medina's pending motion for summary judgment, or to any summary judgment motion filed by defendants Betti and Barron.

Further, IT IS HEREBY RECOMMENDED that defendant Betti and Barron's motion to dismiss (ECF No. 143) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 30, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5