1

2

3

4

5

6

7                             UNITED STATES DISTRICT COURT

8                         FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   HOWARD SCOTT,                                No.  2:09-cv-0851-MCE-EFB P

11                 Plaintiff,

12        v.                                      ORDER

13   M. McDONALD, et al.,

14                 Defendants.

15

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  He is blind, confined to a wheelchair, and allegedly suffers from several other

18   mental and physical impairments.  *See, e.g.*, ECF No. 148.  Nonetheless, he provided defendants

19   Betti and Barron ("defendants") with 167 pages of documents in response to their request for

20   production of documents.  ECF No. 121.  Although he failed to specify which documents

21   corresponded to each of defendants' requests, he claimed that he had produced all responsive

22   documents.  ECF No. 127.  On May 15, 2014, five days before the deadline for filing dispositive

23   motions in this case, defendants moved for terminating sanctions based upon plaintiff's failure to

24   properly respond to their document requests.  ECF No. 143.  They also moved to modify the

25   scheduling order to extend the deadline for filing dispositive motions.  They claim that because

26   plaintiff had failed to inform them which of his documents correspond to each of their requests,

27   they could not possibly prepare a timely dispositive motion.  *See* ECF Nos. 143, 144.

28   /////

                                                1

1      On August 1, 2014, the court recommended that defendants' motion for terminating

2   sanctions be denied, granted plaintiff's request for appointment of counsel, and ordered

3   defendants to file a dispositive motion, if any, within 14 days of any order adopting the findings

4   and recommendations.  ECF No. 150.  The court also informed plaintiff that his response to any

5   dispositive motion would not be due until an attorney willing to accept the appointment had been

6   located and appointed to represent him for the duration of these proceedings.  *Id.*

7      Defendants now seek reconsideration of the order appointing plaintiff counsel and

8   requiring that their dispositive motion be filed within 14 days of any order adopting the findings

9   and recommendations.[1]  ECF No. 152.  They request that the dispositive motions deadline be

10   extended to sixty days following plaintiff's counsel's appearance.  *Id.*  The motion is denied and

11   the August 1, 2014 order is confirmed.

12      In exceptional circumstances, the court may request an attorney to voluntarily represent an

13   indigent prisoner in a section 1983 cases.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935

14   F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

15   When determining whether "exceptional circumstances" exist, the court must consider the

16   likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

17   se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970

18   (9th Cir. 2009).  Having considered those factors, the court found exceptional circumstances

19   warranting appointment of counsel in this case.  Nothing in defendants' motion warrants

20   reconsideration of that determination.

21      Further, defendants' motion to modify the scheduling order fails to demonstrate good

22   cause for doing so.[2]  However, a settlement conference has since been set for November 6, 2014.

23

24      [1] Local Rule 230(j) requires that a motion for reconsideration state "what new or different
   facts or circumstances are claimed to exist which did not exist or were not shown upon such prior
   motion," and "why the facts or circumstances were not shown at the time of the prior motion."
25   E.D.  Cal., Local Rule 230(j)(3)-(4).

26
      [2] A scheduling order may be modified upon a showing of good cause.  Fed. R. Civ. P.
27   16(b).  Good cause exists when the moving party demonstrates he cannot meet the deadline
   despite exercising due diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th
28   Cir. 1992).

1  In light of that recently scheduled settlement conference, the deadline for defendants' dispositive

2  motion is reset and any such motion shall be filed within thirty days of the settlement conference.

3  However, if at that time no order has yet issued adopting the pending findings and

4  recommendations (ECF No. 150), then defendants' dispositive motion shall be filed within thirty

5  days of the filing of any such order.

6       Accordingly, IT IS HEREBY ORDERED that, defendants' motion for reconsideration of

7  the August 1, 2014 order appointing plaintiff counsel is denied.  The Clerk of the Court shall

8  terminate docket number 152.  IT IS FURTHER ORDERED that defendants' dispositive motion

9  shall be filed within thirty days of completion of the settlement conference, currently set for

10 November 6, 2014.  If at that time no order has yet issued adopting the pending findings and

11 recommendations (ECF No. 150), then defendants' dispositive motion shall be filed within thirty

12 days of the filing of any such order.

13 DATED:  October 9, 2014.

14                                         _____
                                          EDMUND F. BRENNAN
15                                         UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28